**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**APR 1 1999**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

AMON RE,

     Plaintiff - Appellant,

v.

NEW VISTAS,

     Defendant,

and

STATE OF NEW MEXICO,

     Defendant - Appellee.

No. 98-2335
(D.C. No. CIV-96-546-JC)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.


     Amon Re appeals the district court's dismissal of his claims against the

State of New Mexico alleging violations of 42 U.S.C. § 1983; the Americans With

Disabilities Act, 42 U.S.C. § 12101 et seq.;  the Rehabilitation Act, 29 U.S.C. §

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

701 et seq.; Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981;[1] and the New Mexico Human Rights Act, N.M. Stat. Ann. § 28-1-7. Re filed suit against the State of New Mexico and Re's former employer, New Vistas, alleging disability-related discrimination.[2] Appellant's amended complaint appears to assert that the New Mexico Workers' Compensation Administration ("Administration") improperly denied his claim for workers' compensation benefits and the state court of appeals improperly denied his appeal of the Administration's denial of his request for a change in health care provider.[3]

Re raises several arguments on appeal. First, he asserts that the district court erred by prematurely granting the State's motion to dismiss. Second, he alleges that the district court erred in granting the State's motion to dismiss despite the State's violation of New Mexico Local Rule 7.4, which requires prior notification to an opposing party of all motions. Finally, Re claims that the

---

[1]Appellant does not clearly indicate the provision of this Act to which he refers, but we assume that he intends to invoke 42 U.S.C. § 1981. To the extent that he does not, any other claims under this Act are properly dismissed as too vague. See Northington v. Jackson, 973 F.2d 1518, 1521-22 (10th Cir. 1992).

[2]Appellant's claims against New Vistas are not at issue on appeal.

[3]Appellant claims that his amended complaint also alleges that New Vistas is essentially an agent of the State, and so the State is liable for any discrimination committed by New Vistas. This claim is not a part of the amended complaint, and we decline to consider it for the first time on appeal. See Hicks v. Rubber Gates Co., 928 F.2d 966, 970 (10th Cir. 1991).

district court erred when it dismissed his claims against the State as barred by the Eleventh Amendment. We consider these arguments.

The timing of the court's order granting the State's motion to dismiss is not grounds for reversal. Due to an error in addressing, the State initially mailed its motion to dismiss and its supporting brief to the wrong address. However the State served the pleadings by mail to appellant's correct address on August 13, 1996. The district court did not grant the State's motion until September 12, 1996. Re asserts that the district court gave him insufficient time to respond to the State's motion. Pursuant to Local Rule 7.6(a), "[a] response is due within fourteen (14) calendar days after service of the motion." According to this rule, and adding three days for service by mail, Re's response to the State's motion was due on August 30, 1996. Although Re notified the court in July that he would be unreachable until August 31, 1996, Re filed no motion for extension of time after August 31, 1996, and prior to the court's ruling. We conclude that the district court did not err when it ruled on the State's motion to dismiss on September 12, 1996. Moreover, even had it erred, such error would have been harmless because of our conclusion that the motion to dismiss was meritorious.

Appellant next argues that the district court's dismissal of his claims was improper because the State failed to consult him before it filed its motion to dismiss. Local Rule 7.4(a) requires a party to request concurrence of opposing

parties at least three working days before filing a motion. However, Rule 7.4(a) merely provides that failure to consult prior to filing a motion <u>may</u> result in summary denial of the motion; it does not require denial of the motion. Therefore, we find no reversible error in the district court's grant of the motion despite the lack of a request for concurrence.

Finally, appellant argues that the district court erred when it dismissed appellant's claims based on Eleventh Amendment immunity. "We review de novo a district court's dismissal of a cause of action for failure to state a claim upon which relief can be granted." <u>Chemical Weapons Working Group, Inc. v. United States Dep't of the Army</u>, 111 F.3d 1485, 1490 (10th Cir. 1997). The panel may affirm dismissal for any correct reason for which there is sufficient record support, even if the district court relied upon other reasons in its dismissal. <u>See</u> <u>Medina v. City and County of Denver</u>, 960 F.2d 1493, 1495 n.1 (10th Cir. 1992).

Upon review of the pleadings and the record in this case, we conclude that the district court properly dismissed appellant's claims alleging violations of 42 U.S.C. § 1983, the Civil Rights Act of 1991, and the New Mexico Human Rights Act based on the State's Eleventh Amendment immunity. Congress did not abrogate Eleventh Amendment immunity when it enacted 42 U.S.C. §§ 1981 or 1983. <u>See</u> <u>Ellis v. University of Kansas Med. Center</u>, 163 F.3d 1186, 1196 & n.13 (10th Cir. 1998). Given that the State has not waived its Eleventh

Amendment immunity, see N.M. Stat. Ann. § 41-4-4(F), such suits are barred.

Moreover, Re may not bring claims against the State under 42 U.S.C. §§ 1981 or

1983 because the state is not a "person" within the meaning of these statutes. See

Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989); Tafoya v.

Bobroff, 865 F. Supp. 742, 752 (D.N.M. 1994), aff'd, 74 F.3d 1250 (10th Cir.

1996). Nor may appellant sue the State in federal district or appellate court under

the New Mexico Human Rights Act. See N.M. Stat. Ann. § 28-1-13(C).

The district court properly dismissed appellant's claims under the

Rehabilitation Act and the Americans With Disabilities Act. The allegations set

forth in appellant's amended complaint fail to state a claim of disability

discrimination under either of these statutes. Appellant has not alleged facts that,

if true, would establish that he was otherwise "qualified" for the benefits he

sought and that he was denied these benefits "by reason of" his disability. See 42

U.S.C. § 12132; 29 U.S.C. § 794(a). Therefore, we conclude that the district

court correctly dismissed all of appellant's claims against the State.

We **AFFIRM**. This matter is **DISMISSED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge